# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Domingo Gonzales,<br><br>    Plaintiff,<br><br>v.<br><br>Ethicon Corp., Inc., *et al.*,<br><br>    Defendants. | Civil Action No.<br>3:18-cv-17658 (PGS) (DEA)<br><br>**MEMORANDUM<br>AND ORDER** |

**SHERIDAN, U.S.D.J.**

  This matter comes before the Court on a motion filed by Defendants Johnson & Johnson and Ethicon, Inc., to dismiss the complaint. (ECF No. 7). In this product liability action, Plaintiff contends Defendants' defective hernia mesh product was implanted in him, causing injury. Defendants seek dismissal based on the statute of limitations and for failure to state a claim of express and implied warranty and consumer protection violations.

  Plaintiff Domingo Gonzales is a Texas resident. (Complaint, ECF No. 1 at ¶ 1). Defendants Johnson & Johnson and Ethicon are New Jersey corporations with their principal places of business in New Jersey. (*Id.* at ¶¶ 2-5). Further, the amount in controversy is greater than $75,000. (*Id.* at ¶ 6). Therefore, the Court has diversity jurisdiction in each action. 28 U.S.C. § 1332.

  The complaint contains seven counts: negligence (Count I); strict product liability (Counts II, III, and IV); breach of express warranty (Count V); breach of implied warranty (Count VI); and violation of consumer protection laws (Count VII).

## FACTS

Plaintiff Gonzales was diagnosed with an inguinal hernia and underwent surgery on in April 2011. (Complaint at ¶ 23). Gonzales was implanted with a "Prolene Hernia System Patch." (*Id.* at ¶¶ 10, 23). Although it is not explicitly set forth in the complaint, it appears that Defendants "designed, manufactured, packaged, labeled, marketed, sold and distributed" the product to hospitals. (*Id.* at ¶ 10). The hospital, in turn, sold the mesh to Gonzales. (*Id.* at ¶¶ 9, 18).

"In the months following the implant" – the complaint does not provide dates – Gonzales experienced chronic abdominal pain and multiple infections. (*Id.* at ¶ 25). The product was surgically removed on February 17, 2017. (*Id.* at ¶ 25). Gonzales filed his complaint on December 26, 2018.

## LEGAL ANALYSIS

On a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court is required to accept as true all allegations in the Complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. *See Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1384 (3d Cir. 1994). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). While a court will accept well-pleaded allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *Iqbal,* 556 U.S. at 678-79; *see also Morse v. Lower Merion School District,* 132 F.3d 902, 906 (3d Cir. 1997).

A complaint should be dismissed only if the well-pleaded alleged facts, taken as true, fail to state a claim. *See In re Warfarin Sodium*, 214 F.3d 395, 397-98 (3d Cir. 2000). The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail. *Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir.), *cert. denied, Forbes v. Semerenko*, 531 U.S. 1149, 121 S. Ct. 1091 (2001). The pleader is required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'" *Kost v. Kozakewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (quoting 5A Wright & Miller, Fed. Practice & Procedure: Civil 2d § 1357 at 340). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, . . . . Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact), . . . ." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964-65 (internal citations and quotations omitted).

<u>Choice of Law</u>

This motion presents a choice-of-law issue relating to application of the proper statute of limitations. Courts faced with choice-of-law issues must "apply the forum's choice-of-law principles." *Noye v. Johnson & Johnson Servs., Inc.*, 765 Fed. App'x 742 (3d Cir. 2019). The application of the proper statute of limitations is governed by *McCarrell v. Hoffman-LaRoche*, 227 N.J. 569 (2017).

The New Jersey Supreme Court has adopted the Second Restatement of Conflict of Laws with regard to statutes of limitations, and thus has adopted the following framework:

> Whether a claim will be maintained against the defense of the statute of limitations is determined under the principles stated in § 6.[1] In general, unless the exceptional circumstances of the case make such a result unreasonable:
>
>> (1) The forum will apply its own statute of limitations barring the claim.
>>
>> (2) The forum will apply its own statute of limitations permitting the claim unless:
>>
>>> (a) maintenance of the claim would serve no substantial interest of the forum; and
>>>
>>> (b) the claim would be barred under the statute of limitations of a state having a more significant relationship to the parties and the occurrence.

*McCarrell v. Hoffman-La Roche, Inc.*, 227 N.J. 569, 583 (2017) (quoting Restatement (Second) of Conflict of Laws § 142). *McCarrell* further clarified this standard with regard to claims against a New Jersey manufacturer by an out-of-state citizen:

> A New Jersey company, generally, should not have to defend against a claim that is stale under this State's statute of limitations in our courts, whether that claim is brought by a New Jersey resident or a citizen of another state. When a plaintiff from another state with a longer limitations period seeks to press a claim against a New Jersey manufacturer in our state courts after New Jersey's statute of limitations has expired, section 142 ordinarily will not permit the claim to proceed.

*Id.* at 594. There being no "exceptional circumstances" mandating departure from the Restatement's general rule, the Court applies New Jersey's statute of limitations to this action.

---

[1] "[T]he section 6 principles are: '(1) the interests of interstate comity; (2) the interests of the parties; (3) the interests underlying the field of tort law; (4) the interests of judicial administration; and (5) the competing interests of the states.'" *P.V. ex rel. T.V. v. Camp Jaycee*, 197 N.J. 132, 147 (2008) (quoting *Erny v. Estate of Merola*, 171 N.J. 86, 101-02 (2002)).

## Statute of Limitations

Defendants seek to dismiss Gonzales' personal injury, product liability, and breach of warranty claims – Counts I to VI – on statute of limitations grounds. New Jersey has adopted a two-year statute of limitations for personal injury and product liability claims. N.J. Stat. Ann. § 2A:14-2. "The statute of limitations sets forth the period of time within which a party may file a complaint." *Szczuvelek v. Harborside Healthcare Woods Edge*, 182 N.J. 275, 281 (2005). "To avoid the harsh effect of a mechanical application of statute of limitations" the New Jersey Supreme Court has "adopted the discovery rule." *Szczuvelek*, 182 N.J. at 281. "The rule 'provides that in an appropriate case a cause of action will be held not to accrue until the injured party discovers, or by an exercise of reasonable diligence and intelligence should have discovered . . . a basis for an actionable claim.'" *Id.* (quoting *Lopez v. Swyer*, 62 N.J. 267, 273 (1973)). However, the New Jersey Supreme Court has cautioned that the discovery rule will not be triggered by "every belated discovery." *Lopez*, 62 N.J. at 275. Rather, "The interplay of the conflicting interests of the competing parties must be considered. The decision requires more than a simple factual determination; it should be made by a judge and by a judge conscious of the equitable nature of the issue." *Id.*

"[I]t is necessary to identify the equitable claims of each party and evaluate and weigh those claims in determining whether it is appropriate to apply the discovery rule." *Szczuvelek*, 182 N.J. at 281. "The crucial inquiry is 'whether the facts presented would alert a reasonable person exercising ordinary diligence that he or she was injured due to the fault of another.'" *Id.* (quoting *Martinez v. Cooper Hosp.*, 163 N.J. 45, 52 (2000)). The standard is objective: "whether plaintiff 'knew or should have known' of sufficient facts to start the statute of limitations running." *Martinez*, 163 N.J. at 52 (quoting *Baird v. Am. Med. Optics*, 155 N.J. 54, 66 (1998)).

"To be sure, legal and medical certainty are not required for a claim to accrue." *Kendall v. Hoffman-LaRoche, Inc.*, 209 N.J. 173, 193 (2012). "In cases in which fault is not self-evident at the time of injury, a plaintiff need only have 'reasonable medical information' that connects an injury with fault to be considered to have the requisite knowledge for the claim to accrue." *Id.* "Temporal proximity of injury with exposure may be sufficient medical information; however, it is not dispositive." *Id.* at 194.

Gonzales urges the Court to find that the date of remedial surgery should commence the running of the statute of limitations. However, in the case relied upon by Gonzales, the court held that the discovery rule inquiry "cannot be resolved by looking to the date on which a plaintiff had a revision surgery" because "[r]evision surgery, *alone*, only tells a plaintiff that she is suffering from complications as a result of her implant procedure, but it is silent as to the cause of that complication." *In re Smith & Nephew Birmingham Hip Resurfacing Hip Implant Products Liability Litigation*, 2018 WL 6067505 (D. Md. Nov. 18, 2018) (emphasis added). Therefore, the date of revision surgery cannot automatically serve as the accrual date of the claims.

Based on the complaint, it is at best unclear when Gonzales knew or should have known of sufficient facts to commence the running of the statute of limitations on the personal injury and product liability claims. Only "where it affirmatively appears on the face of the complaint that the action pleaded is barred by the statute of limitations, the defense can be raised by motion to dismiss." *Feil v. Senisi*, 7 N.J. Super. 517, 518-19 (Law Div. 1950) (Brennan, J.). It is not clear from the face of this complaint whether the action is barred by the statute of limitations and thus the issue is better addressed at a later time, after discovery. The Court shall therefore decline to dismiss Counts I, II, III, and IV of the complaint based on the statute of limitations.

With regard to the breach of warranty claims, New Jersey's statute of limitations for such claims provides: "An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued." N.J. Stat. Ann. § 12A:2-725(1).[2] A breach of warranty action "accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach." N.J. Stat. Ann. § 12A:2-725(2). "A breach of warranty occurs when tender of delivery is made, except that where a warranty *explicitly* extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered." *Id.* (emphasis added). "This provision quite clearly establishes a general rule, that the discovery principle does not apply to breach of warranty actions, and an exception, applicable to warranties that explicitly extend to future performance." *Wiseberg v. Toyota Motor Corp.*, 11-cv-3776, 2012 WL 1108542 (D.N.J. March 30, 2012) (quoting *S. Jersey Gas Co. v. Mueller Co. Ltd.*, No. 09-cv-4194, 2010 WL 1742542 at 6 (D.N.J. April 27, 2010)).

Under this rule, "[i]mplied warranties, by their very nature, cannot extend to future performance because such an extension must be explicit and an implied warranty cannot explicitly state anything." *Argabright v. Rheem Mfg. Co.*, 201 F. Supp. 3d 578, 600 (D.N.J. 2016) (quoting *Travelers Indem. Co. v. Damman & Co., Inc.*, 592 F. Supp. 2d 752, 765 (D.N.J. 2008)). "Thus 'a cause of action for breach of implied warranty accrues when delivery of the product is made, regardless of the purchaser's lack of knowledge.'" *Id.* (citation omitted).

Here, Gonzales' only allegation regarding an express warranty is: "The Prolene Hernia System is marketed to the medical community and to patients as a safe, effective, and reliable

---

[2] This statute, which applies to contracts *for sale*, is not to be confused with the six-year statute of limitations that applies in ordinary breach of contract actions. *See* N.J. Stat. Ann. § 2A:14-1 ("This section shall not apply to any action for breach of any contract for sale governed by section 12A:2-725 of the New Jersey Statutes").

7

medical device, implanted by safe and effective, minimally invasive surgical techniques, and is safer and more effective as compared to other products." (Complaint at ¶ 15). This allegation makes no reference to an explicit extension to future performance.

Gonzales' warranty claims accrued on April 20, 2011, which was the day of his implant surgery and the day "tender of delivery" was made. (*Id.* at ¶ 23). He filed the complaint on December 28, 2018; more than four years after the accrual date. Therefore, Counts V and VI of the complaint are dismissed.

### Consumer Protection Laws

Finally, in Count VII, Plaintiff alleges violations of consumer protection laws. The complaint cites two California consumer protection statutes and the Magnuson-Moss Warranty Act (MMWA), 15 U.S.C. §§ 2301 *et seq.* Gonzales' brief did not address the consumer protection arguments raised by Defendants. Rather, Gonzales' brief merely states, "Plaintiff inadvertently pleaded a California consumer protection statute and would request the opportunity to amend." (Gonzales Brief, ECF No. 9 at 12). This count is therefore dismissed, but Gonzales may amend his complaint if he wishes to do so.

## ORDER

This matter comes before the Court on a motion to dismiss filed by Defendants. The Court has considered the written submissions of the parties. Accordingly, for the reasons stated in this Court's written opinion, which accompanies this order, and for good cause shown,

IT IS on this 11 day of August, 2019,

**ORDERED** that Defendant's motion to dismiss (ECF No. 7) is granted in part and denied in part; and it is further

**ORDERED** that Counts V, VI, and VII are dismissed without prejudice.

_____
PETER G. SHERIDAN, U.S.D.J.